UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 7

Tamyka C. Fears,                                          Case No. 19-54711-PJS

      Debtor.                                           Hon. Phillip J. Shefferly
_____/

## Order Denying Debtor's Motion To Set Aside Order

This order addresses a motion filed by a pro se chapter 7 debtor to set aside an order previously entered by the Court. Here is the background.

On October 16, 2019, Tamyka C. Fears ("Debtor") filed this chapter 7 case pro se. She has continued to represent herself throughout. Early in the case, the chapter 7 trustee ("Trustee") objected to the Debtor's exemptions and moved for turnover of personal property, including a pro rata portion of unexempted income tax refunds. The Debtor then amended her exemptions, to which the Trustee filed more objections. The exemption and turnover matters were resolved by a stipulated order ("Stipulated Order") (ECF No. 35) entered on March 5, 2020. The Stipulated Order set the amount of the Debtor's allowed exemptions in cash, deposit of money and 2019 income tax refunds, and required turnover of the non-exempt amount. Although the Debtor's exemption in her residence ("Residence") was not directly at

issue, the amount of the Debtor's unused homestead exemption under § 522(d)(1) of the Bankruptcy Code was relevant to the Trustee's calculation of the dollar limit of the Debtor's "wildcard" exemption under § 522(d)(5), which she had used to exempt the cash, money on deposit and income tax refunds.

In June 2020, the Trustee brought adversary proceeding number 20-4266 ("Adversary Proceeding") against the Debtor's son, Carlton Joshua Mack ("Mack") to avoid and recover the Debtor's transfer to Mack of an interest in the Residence. In November 2020, the Court granted the Trustee's motion for summary judgment and denied Mack's motion to dismiss the Adversary Proceeding. The Court also recently denied motions for reconsideration of both orders.

On November 20, 2020, the Debtor filed a motion ("Motion") (ECF No. 44) in her bankruptcy case to set aside the Stipulated Order. The Motion recounts the history of the Debtor's amendments to her exemptions and the Trustee's motion for turnover, leading to entry of the Stipulated Order. It goes on to explain that the Debtor intended that resolution of the exemptions and turnover matters would include an adjudication of Mack's interest in the Residence. The Motion accuses the Trustee of misconduct in misleading the Debtor into believing that Mack's interest in the Residence was resolved and then filing the Adversary Proceeding.

On November 24, 2020, the Trustee filed an objection ("Objection") (ECF No. 46) to the Motion. To refute the Motion's accusation of misconduct, the

Objection details the email exchanges between the Trustee and the Debtor, with copies of those emails attached. According to the Objection, the Debtor was well aware that the Stipulated Order did not resolve Mack's interest in the Residence, and the Debtor was on notice that the Trustee may file a complaint to avoid the Debtor's transfers to Mack. The Objection construes the Motion as one for relief under Fed. R. Civ. P. 60(b) and concludes that it should be denied on procedural grounds as well as on the merits.

The Court concludes that the deliberative process will not be further advanced by holding a hearing on the Motion. For the following reasons, the Court will deny the Motion.

The Motion cites no legal authority. The Court agrees with the Trustee that the Motion should be construed as one for relief from an order or judgment under Rule 60(b), incorporated by Fed. R. Bankr. P. 9024. Rule 60(b) provides that the Court may relieve a party from an order for six reasons: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Rule 60(c)(1) governs the timing of a motion for relief. Any motion "must be made within a reasonable time." This subpart sets an outside date of one year for motions based on mistake or excusable neglect, fraud or misconduct, or newly discovered evidence. This does not mean that a moving party

automatically has a year in which to file a motion for relief for these three specific reasons. Instead, it means that a party has *at most* one year in which to file such a motion. The Motion is best read as being brought under either Rule 60(b)(1) or (3). The Court will first address the timeliness of the Motion.

"[A] 'reasonable' time [ ] ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). The Trustee filed the Adversary Proceeding on June 5, 2020. The Debtor was aware of this fact at least as early as July 6, 2020 because the Debtor filed on that date an answer to the complaint in the Adversary Proceeding even though the Debtor was not a party to the Adversary Proceeding. That answer was stricken because it was not filed by Mack, the defendant in the Adversary Proceeding, but the salient point is that the Debtor knew at that time that the Trustee did not share the Debtor's view that the Stipulated Order somehow resolved the Trustee's claim that the Debtor's transfer of an interest in the Residence to Mack was avoidable. The Motion offers no explanation as to why the Debtor then waited so long to file the Motion. It was not reasonable for the Debtor to delay filing the Motion until after the Court granted the Trustee summary judgment in the Adversary Proceeding more than four months later. In these circumstances, the Court finds that the Motion is untimely.

-4-

19-54711-pjs    Doc 48    Filed 12/01/20    Entered 12/01/20 14:31:48    Page 4 of 6

On the merits, the Motion fares no better.  To the extent that the Motion seeks relief because the Debtor mistakenly believed that the Stipulated Order resolved the Trustee's claims against Mack, this is not the type of "mistake" covered by Rule 60.  A party's misinterpretation of an order does not constitute "mistake." McCurry v. Adventist Health System, 298 F.3d 586, 593-94 (6th Cir. 2002).

The Motion also fails to demonstrate fraud.  For purposes of Rule 60(b)(3), "fraud" is a "deliberate omission[ ] when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."  Jordan v. Paccar, Inc., 97 F.3d 1452, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996) (citation omitted).  "Misrepresentation" is "an affirmative misstatement.  Id.  "Misconduct" is "questionable behavior affecting the fairness of litigation other than statements of the failure to make statements." Id.  Rule 60(b)(3) requires "the moving party to demonstrate misbehavior of one of the three relevant kinds by clear and convincing evidence."  Id. at *7 (citation omitted).

The Court takes the Debtor at her word that her intention was to have her transfer to Mack of an interest in the Residence protected and not subject to avoidance by the Trustee.  However, that matter was not raised in the Trustee's objections to the Debtor's exemptions, the Trustee's motion for turnover or the Stipulated Order.  The Debtor signed the stipulation for entry of the Stipulated Order.  The law presumes that she read what she signed.  A court speaks through its orders.

-5-

In this case, the Stipulated Order was silent, as it should have been, on Mack's interest in the Residence. Moreover, the Debtor has failed to come forward with any evidence, let alone clear and convincing evidence, that the Trustee engaged in any misconduct. To the contrary, the correspondence provided by the Trustee supports his representation of the negotiations.[1] Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's Motion (ECF No. 44) is denied because it is untimely and, separately, because it lacks substantive merit.

**Signed on December 1, 2020**

/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge

---

[1] The Motion also asks that Trustee return to the Debtor $774.31 being held by the Trustee. The Motion has no further explanation or discussion of these funds, or grounds to "return" the funds to the Debtor. The Court finds no basis in fact or law to order the Trustee to return these funds to the Debtor and denies the Debtor's request.