UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
    Tamyka C. Fears,

        Debtor.
_____/

Chapter 7  
Case Number: 19-54711-jda  
Hon. Joel D. Applebaum

**OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR ORDER COMPELLING DEBTOR TO COMPLY WITH 11 U.S.C. § 521 AND BANKRUPTCY RULE 4002**

**Factual Background**

Debtor, Tamyka C. Fears, filed her voluntary chapter 7 petition *pro se* on October 16, 2019. At the time of filing, Ms. Fears owned a home located in Detroit, Michigan. Without repeating this case's lengthy history, early on in the case the Trustee filed objections to Debtor's exemptions and moved for turnover of personal property, including a *pro rata* portion of unexempted income tax refunds. Debtor amended her exemptions and the Trustee filed additional objections. These issues were ultimately resolved by stipulated order entered by Bankruptcy Judge Phillip Shefferly on March 5, 2020 [Dkt. No. 35].[1] In June 2020, the Trustee filed an adversary proceeding against Debtor's son seeking to avoid Debtor's pre-petition transfer by unrecorded warranty deed and her post-petition transfer by recorded quit claim deed of a one-half interest in her home. On November 2, 2020, Judge Shefferly granted the Trustee's motion for summary judgment. On November 20, 2020, Debtor filed a Motion to Set Aside Order Concerning Exemptions and Turnover ("Motion to Set Aside") [Dkt. No. 44], arguing that the settlement of the exemption issues contained in the March 5th stipulated order was intended

---

[1] Upon Judge Shefferly's retirement, this case was reassigned to Judge Applebaum on December 18, 2020.

1

to resolve *all* issues concerning her home -- her intent to amend her exemptions to take advantage of the state exemptions and resolution of the Trustee's issues regarding the post-petition transfer of a one-half interest in the home to her son. The Trustee objected [Dkt. No. 46] and, on December 1, 2020, Judge Shefferly entered an Order Denying Debtor's Motion to Set Aside Order [Dkt. 48], holding that the Motion to Set Aside was untimely and, moreover, Debtor's mistaken belief that the stipulated order resolved all issues regarding her home is not the type of mistake covered by Rule 60 ("a party's misinterpretation of an order does not constitute a mistake.") Judge Shefferly also found no fraud or misconduct on the part of the Trustee. Debtor filed a notice of appeal from Judge Shefferly's Order on December 7, 2020 [Dkt. No. 49]. The appeal is currently pending before the United States District Court. Debtor did not seek a stay pending appeal.

On December 29, 2020, the Trustee filed his Motion for Order Compelling Debtor to Comply with 11 U.S.C. §521 and Bankruptcy Rule 4002 (the "Motion to Compel") [Dkt. No. 64]. In the Motion, the Trustee argues that (i) there may be substantial non-exempt equity in the home, (ii) he has a duty to sell the home and distribute the net non-exempt equity to creditors, and (iii) although Debtor is required to surrender the home to him immediately, he believes the best method for marketing and selling the home is to allow Debtor and her family to remain in possession provided Debtor "cooperates with the Trustee in his efforts to sell the property." Dkt. No. 64, p.2. The Trustee's requirements are spelled out in a proposed four page order [Dkt. No. 64 at 5-8] and include, among other things, allowing any licensed real estate agent access to the property with or without clients on 24 hours' advance notice; vacating the property during viewings; and vacating the home upon 30 days' notice of a signed purchase agreement. In addition, Debtor is to pay all home expenses on a current basis (including mortgage, property

taxes, insurance, and all utilities) and provide the Trustee with evidence of payment; keep the property in "presentable condition" for showings; leave the property in broom clean condition upon vacating; and, if the home is not vacated timely, the right to present this order to the US Marshall who will evict all persons residing at the premises, the right to dispose of all personal property at the home, the right to make Debtor liable for all costs associated with eviction, removal of property and clean up, and the right to assess costs against Debtor in the amount of $50 per day for every day Debtor holds over.

Debtor objected to the Motion to Compel [Dkt. No. 71], raising essentially the same arguments she previously raised before Judge Shefferly in connection with her Motion to Set Aside. In addition, Debtor argues that the value of the home is substantially less than the Trustee's real estate agent thinks, and she attaches to her objection a comparative market analysis in support. Based upon this comparative market analysis, Debtor argues that the home should not be sold as there is little or no non-exempt equity available for distribution to creditors. Finally, Debtor challenges the Trustee's requirements as unreasonable. Debtor has a young daughter and two adult sons living in the home. Debtor's daughter is attending school virtually as a result of the current pandemic and also receives after school tutoring. At the hearing, Debtor challenged the reasonableness of allowing a parade of strangers into her home during a public health crisis, and compelling her family to vacate during these visits, thereby risking her family's health and interrupting her daughter's schooling. After a hearing held on February 3, 2021, Debtor filed a supplemental response and objection [Dkt. No. 81], reiterating the issues raised in her Motion to Set Aside and in her initial objections to the Trustee's Motion to Compel. On February 4, 2021, the Trustee filed a Supplement to Trustee's Motion for Order Compelling Debtor to Comply [Dkt. No. 79]. The Trustee's Supplement shows that, even assuming Debtor's

valuation of the home is reasonably accurate, which the Trustee disputes, there is still considerable non-exempt equity available for distribution to creditors.

## Jurisdiction

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (N), over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

## Legal Analysis

The Trustee's Motion to Compel requires the Court to address two issues. First, whether the Trustee is entitled to relief under 11 U.S.C. § 521(a)(3) and (4) and, assuming he is, whether the Trustee's conditions for allowing Debtor and her family to remain in the home during the marketing and sale process are reasonable under the circumstances.

Turning to the first issue, the Trustee "believes the best method for marketing the home with the least imposition to the Debtor is to allow the Debtor to remain in possession of the [home] on the condition that the Debtor cooperates with the Trustee in his efforts to sell the property." [Motion to Compel, Dkt. No. 64 at 2]. The Trustee does not allege that Debtor has been uncooperative. Rather, the Trustee wants to begin the process of marketing and selling the home and, in essence, is seeking preapproval of his conditions for allowing Debtor to remain in her home during this process.

Section 521(a)(3) of the Bankruptcy Code clearly requires debtors to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." "'Cooperate' is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." *In re Stinson*, 221 B.R. 726, 731 (Bankr. E.D. Mich. 1998) quoting 4 *Collier on Bankruptcy* ¶521.11[5], at 521-43 (Lawrence P. King ed., 15th ed.

1996).  There is no question that Debtor is required to cooperate with the Trustee in the marketing and sale process. [2]

Debtor argues that the Motion to Compel should be denied because (i) Judge Shefferly was wrong to deny her Motion to Set Aside and (ii) there is no non-exempt value in the home and, therefore, no sale process should commence.  Neither reason warrants denying the Trustee's Motion to Compel because § 521 *mandates* a debtor's cooperation.

With respect to Debtor's claim that Judge Shefferly erred in denying her Motion to Set Aside, Judge Shefferly's considered opinion is now law of the case.  "Under the law of the case doctrine, findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation."  *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016) (citation omitted).  Moreover, Debtor appealed Judge Shefferly's order denying her Motion to Set Aside and that appeal remains pending.  "The rule is well-established that the taking of an appeal transfers jurisdiction from the bankruptcy court to the appellate court with regard to any matters involved in the appeal and divests the bankruptcy court of jurisdiction to proceed further with such matters."  *In re Hardy*, 30 B.R. 109, 111 (Bankr. S.D. Ohio 1983).  Therefore, even were the Court inclined to revisit Judge Shefferly's order denying the Motion to Set Aside, which the "law of the case" rule precludes, the Court lacks jurisdiction to do so.

Turning to Debtor's disputed assertion that there is no non-exempt equity in the home, that question cannot be answered definitively until the home is adequately marketed and

---

[2]  The Trustee also implies that Debtor could be compelled to vacate the home because § 521(a)(4) of the Bankruptcy Code requires debtors to "surrender to the trustee all property of the estate . . . ."  However, the "surrender" requirement of section 521(a)(4) is satisfied by listing the asset accurately on debtor's schedules and standing ready to deliver it upon request.  *In re Trujillo*, 485 B.R. 238, 249-250 (Bankr. D. Colo. 2012).  *See also In re Failla*, 529 B.R. 786, 789-791 (Bankr. S.D. Fla. 2014) ("§521(2)(A)'s [sic] use of the term 'surrender' plainly was not intended to mean turning over physical possession to the lienholder.")  If a trustee wants physical possession, she or he must demand "delivery" and, if debtor refuses, seek turnover under § 542(a).  *Trujillo*, 485 B.R. at 250.  According to the Motion to Compel, the Trustee has determined in the reasonable exercise of his business judgment that the best method for marketing and selling the home is for the home to remain occupied.  Thus, physical possession of the home has not been demanded or turnover sought under § 542.

5

purchase offers elicited.  Given the Trustee's real estate agent's opinion regarding sale price, the Trustee is well-within his rights to market test the value of the home and is duty bound to do so.

As previously noted, a debtor is required to cooperate with a trustee, "at least if the request is not unreasonable." *In re Stinson*, 221 B.R. at 731 (citation omitted).  Clearly, the home must be marketed if only to determine whether there is any non-exempt equity.  Debtor argued at the hearing that in light of the health concerns associated with this global pandemic, her daughter's virtual home schooling and after school tutoring, among other reasons, the requirements set forth in the Trustee's proposed order described above are unreasonable.  The Court agrees.  In the current health climate, it is not reasonable to permit "any licensed real estate agent . . . with or without clients" to have essentially unfettered access to the home on 24 hours' notice even if "Debtor, her family, and all tenants must depart the [home] during viewings scheduled by the Trustee or his agents."  The safety protocols for real estate showings were put into place primarily to protect those who are *voluntarily* marketing their home and who are, therefore, willing to assume some health risks.  These protocols cannot provide the assurances Debtor is entitled to for the protection of her family's health.  The real estate agent arranging the showings on behalf of the Trustee is not the Debtor's agent.  Debtor cannot control him or dictate his actions.  She cannot fire him if he fails to ensure that the safety protocols are scrupulously followed.  Similarly, it is not reasonable to require Debtor's daughter to interrupt her schooling and after school tutoring, even with 24 hours' notice, so she can vacate the home during weekday in-person showings, or that her dinner, homework time and bedtime be disrupted so she can vacate the home for evening showings.  Finally, it is not reasonable to require Debtor and her family to vacate the home within thirty days of a signed purchase offer without reasonable diligence that the purchaser can, in fact, close the sale promptly.

6

19-54711-jad    Doc 83    Filed 02/22/21    Entered 02/23/21 08:48:13    Page 6 of 8

In light of the health and safety concerns raised by the involuntary marketing of the home, and the enormous disruption to Debtor's daughter's schooling, the home can be safely and adequately marketed through virtual/video showings, as was the procedure at the inception of the pandemic and resulting lockdown, and by the presence of a "for sale" sign on the front lawn of the home. Debtor shall cooperate with the Trustee's real estate agent for prompt access to allow Trustee's real estate agent to prepare the video tour materials. If a signed purchase offer is received such that there will be non-exempt equity available for distribution to creditors, arrangements can be made at that time to enable an inspection of the home, and the Trustee can then file a motion for authority to sell the home containing the Trustee's proposal regarding the timing of closing, vacating the property, removing possessions, and turning over keys and related obligations of Debtor. If the home remains unsold when the weather warms and school is out of session, the Court will reconsider these marketing and sale procedures upon motion by the Trustee or Debtor.

Prior to the reassignment of this case, Judge Shefferly ordered Debtor and the Trustee to confer about this case and possible resolutions short of a sale of the home. It does not appear that such a conference has been held and, given that Debtor is not represented by counsel and has accused the Trustee of acting inappropriately, requiring such a conference puts the Trustee in an untenable position. Instead, the Court orders Debtor and the Trustee to engage in mediation on the remaining issues surrounding the home and this case. To that end, the Court appoints Julie Teicher, Esq., Maddin Hauser, et al., 28400 Northwestern Highway, Suite 200, Southfield, Michigan 48034, 248.225.1275 as the mediator in this case. Mediation shall be concluded no later than March 30, 2021.

**Conclusion**

For the forgoing reasons, the Trustee's Motion to Compel is GRANTED IN PART AND DENIED IN PART.

**Signed on February 22, 2021**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**